UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSHUA COPENHAVER-NELSON,

       Plaintiff,

v.                                      Case No. 1:04-CV-777

PATRICIA CARUSO, CAROL HOWES,      HON. GORDON J. QUIST
RICHARD STAPLETON, JIM LYONS,
DAVID STOUGH, and ANNE SCOTT,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the Magistrate Judge's Report and Recommendation dated January 25, 2006, in which Magistrate Judge Brenneman recommended that Defendants' motion to dismiss or for summary judgment be granted and that Plaintiff's motion for summary judgment be denied.   Also before the Court is Plaintiff's Motion for Leave to Amend the Complaint, filed on February 6, 2006.  Plaintiff alleged in his complaint that Defendants violated his First, Sixth, and Fourteenth Amendment rights by reading his legal mail and giving information to other litigants.  The magistrate judge recommended that Defendants' motion should be granted and Plaintiff's complaint should be dismissed because: (1) the amended judgment entered in *Mallory-Bey v. Michigan Department of Corrections*, No. 1:04-CV-137 (W.D. Mich.), on August 19, 2005, effective April 15, 2005, which "immediately and permanently enjoined" the MDOC "from opening (outside the prisoner's presence) the legal mail of any prisoner who properly requested, that his or her legal mail be opened only in his or her presence," effectively mooted Plaintiff's request for

declaratory and injunctive relief; and (2) Plaintiff's allegations against Defendants were insufficient to impose liability for a constitutional violation because they failed to identify the conduct resulting in a constitutional violation; were based on conduct that did not constitute a violation; sought to impose liability on a theory of respondeat superior liability; or were barred by Eleventh Amendment immunity.   After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.   In addition, the Court concludes that Plaintiff's motion for leave to amend should be denied.

Plaintiff devotes the majority of his objection to arguing that the magistrate judge incorrectly concluded that his claims for declaratory and injunctive relief are moot in light of the prior order enjoining the MDOC from opening legal mail outside of the prisoner's presence and the MDOC's revision of its prisoner mail policy to comply with the order.   Plaintiff contends that various exceptions to the mootness doctrine apply in this case.   The problem with Plaintiff's argument is that this is not a situation in which Plaintiff was denied relief because of the short duration of the challenged action.   Rather, as the magistrate judge observed, the prior order enjoining the MDOC from opening prisoners' legal mail outside of prisoners' presence provided the same relief that Plaintiff is requesting in this case.   Thus, his claims for declaratory and injunctive relief are moot. With respect to his damage claim, Plaintiff asserts that a defendant may be held liable under § 1983 for a constitutional violation where the defendant knowingly sanctions or approves the illegal conduct.   *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   However, Plaintiff does not explain why the magistrate judge erred in concluding that Plaintiff failed to allege how some Defendants (Defendant Lyons, for example) engaged in conduct that led to a violation of Plaintiff's constitutional rights.   In addition, although Plaintiff cites *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007

2

(N.D. Ohio 2004), a case the magistrate judge cited for the proposition that Plaintiff's complaint is directed at Defendants Caruso and Stapleton in their official capacities as MDOC officials responsible for formulating and the policy at issue, he fails to articulate any facts supporting a claim against these Defendants in their personal capacities.

As noted above, Plaintiff filed a motion for leave to amend his complaint after the magistrate judge issued his report and recommendation. Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) also provides that "leave shall be freely given when justice so requires." *Id.* The mandate that "leave shall be freely given" embodies "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). However, a court is not obliged to grant an amendment simply because a motion is made. *See Johnson v. Ventra Group, Inc.*, No. 96-1463, 1997 WL 468332, (6th Cir. Aug. 13, 1997) (per curiam). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

The apparent purpose of Plaintiff's proposed amendment is to address the deficiencies identified in the report and recommendation. The Court has reviewed Plaintiff's proposed amended complaint and concludes that it fails to remedy the deficiencies in Plaintiff's initial complaint by, among other things, alleging Defendants' personal involvement in the alleged constitutional violations. Accordingly, the Court will deny the motion because the amendment is futile.

3

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 25, 2006 (docket no. 56) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion To Dismiss Or For Summary Judgment (docket no. 19) is **GRANTED** and Plaintiff's Motion For Summary Judgment (docket no. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To Amend The Complaint (docket no. 58) is **DENIED**.

This case is **concluded**.


Dated: March 14, 2006                              _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE